## THE EXMOOR.

(District Court, S. D. Alabama. June 25, 1908.)

No. 1,182.

SHIPPING—CONSTRUCTION OF CHARTER PARTY—LIABILITY FOR CARGO LOST IN LOADING.

A charter of a steamship for the carriage of a cargo of timber to be loaded at the port of Mobile provided in the printed portion that the cargo should be brought alongside at the charterer's risk and expense, and when so brought alongside should be signed for and taken charge of by the vessel. A written stipulation provided that, "should it be necessary to complete the loading in the lower bay at Mobile, same to be at steamer's risk and expense." *Held*, that such stipulation did not render

the vessel absolutely liable for timber lost while being loaded in the lower bay, but that her liability as to such timber was the same as though it had been received alongside or loaded at Mobile, and that exceptions in the charter party of liability for acts of God, perils of the sea, etc., applied thereto.

In Admiralty.

Stevens & Lyons, for libelant.

Pillans, Hanaw & Pillans, for claimant.

TOULMIN, District Judge. The charter party, under which this action is brought, provides that the cargo is to be brought to and taken from alongside the steamer at charterer's risk and expense, any custom of the port to the contrary notwithstanding; that the steamer is to sign for and take charge of cargo when delivered alongside, etc.; that lighterage, if any, at the port of loading is to be at charterer's risk and expense, any custom of the port to the contrary notwithstanding. The loading port was Mobile. The exceptions of liability of the steamer provided in the charter party are, among other things, the act of God, perils of the sea, etc. The foregoing provisions of the charter party are printed. There is written on the charter party a stipulation that:

"Should it be necessary to complete the loading in the lower bay at Mobile, same to be at steamer's risk and expense."

The contention of the libelant is that, notwithstanding the loss of the timber for which this action is brought comes within the exceptions of steamer's liability as provided for in the charter party, the steamer is liable because of the contract contained in the written stipulation referred to. This stipulation, being in writing and inconsistent with the provision that lighterage, if any, was to be at charterer's risk and expense, must be considered as a substitute for, and as taking the place of, said provision relating to lighterage. I so consider it. This being so, the said alleged contract of the steamer should be construed in connection with the other provisions of the charter party.

As I construe the steamer's contract shown by the charter party, it is that so much of the cargo of timber as may be delivered to her and loaded at the loading berth at Mobile she, from the time said timber is loaded, would be responsible for, subject to the exceptions from liability as provided in the charter party, and, should it be necessary to complete loading in lower bay, the steamer would accept delivery of the balance of said cargo of timber, take charge of and sign for it in Mobile, and from that time the same to be at steamer's risk and expense. What risk? Just the same risk incurred by the steamer on the timber loaded in Mobile when loaded there—the same risk that would have been incurred had the timber, which was delivered for lighterage to the lower bay for loading, been loaded in Mobile. Clearly the risk incurred was the risk imposed by the contract construed as a whole, including the exceptions contained therein. The difference in liability on the risks imposed by the contract is not the character and extent of the risks, but in the time the same began. In the one case it attached when the timber was loaded on the vessel;

in the other, when the balance of the timber was delivered to the steamer and taken charge of by her for transportation to the lower bay for loading there. That it was intended to contract for a greater risk and liability as to cargo received at Mobile to be transported to the lower bay for loading there than for cargo received aboard is not to be presumed. Southerland-Innes Co. v. Thynas (Fifth Circuit Court of Appeals) 128 Fed. 42, 64 C. C. A. 116, which case I think in point and controls this case.

The expense assumed by the steamship under the contract was clearly the expense attending the lighterage and care of the timber from and after its receipt at Mobile.

As, in my opinion, the contract it not uncertain and ambiguous in its terms, the evidence offered as to custom to explain or interpret the same is inadmissible. However, the evidence offered on the subject of a custom of this port varied from the custom alleged in the libel. The custom proven is in substance what the charter provided for. It provides that:

"The bills of lading shall be prepared by the shippers of the cargo on the form indorsed on the charter and shall be signed by the master, * * * and all conditions, clauses, and exceptions as per the charter."

The captain furnishes a protest showing the cause of loss, if any, on the bills of lading.

My judgment is that the libel must be dismissed, and it is so ordered.